UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**UNITED STATES OF AMERICA,**

       **Plaintiff,**                               Case No. CR2-05-225
                                                     JUDGE GREGORY L. FROST

     v.

**KENYATTA JACKSON,**

       **Defendant.**

## OPINION & ORDER

     Presently before the Court is Defendant Kenyatta Jackson's motion to withdraw his guilty plea. (Doc. # 44). The Government filed a memorandum in opposition (Doc. # 47), to which Jackson replied (Doc. # 48). The Court conducted an oral hearing on the motion on April 6, 2006. (Doc. # 45). This Opinion & Order serves to resolve all issues presented by Jackson's motion to withdraw.

## BACKGROUND

**I.**     **Procedural**

     The Government filed the Complaint in this matter on October 6, 2005. (Doc. # 1). Jackson was indicted on November 3, 2005. (Doc. # 14). The Indictment charges Defendant with one count of knowingly, intelligently, and unlawfully possessing with intent to distribute five (5) grams or more of cocaine base in violation of 21 U.S.C. §§ 841 (a)(1) and (b)(1)(B)(iii) and with one count of knowingly possessing a firearm in furtherance of a drug trafficking crime–possession of cocaine with intent to distribute–in violation of 21 U.S.C. § 924(c)(1)(A)(i). (Doc. # 14).

Jackson was arraigned six days later on November 9, 2005, where he plead not guilty. (Doc. # 16). The very same day, the Court issued an Order scheduling the matter for trial on December 12, 2005. (Doc. # 17). However, the Court then granted Jackson's November 22, 2005 motion to continue the trial date from December 12, 2005 to January 17, 2006. (Doc.# 25).

On December 22, 2005, Jackson filed a motion to suppress certain alleged statements he made to police officers in the police cruiser and at the police station. (Doc. # 27). On January 4, 2006, the Court conducted an oral hearing on the motion. (Doc. # 31). On January 11, 2006, the Court issued its ruling that granted in part and denied in part Jackson's motion to suppress. (Doc. # 32). The very next day Jackson moved the Court to continue the January 17, 2006 trial date. (Doc. # 33). The Court granted Jackson's motion and re-scheduled the trial for February 8, 2006. (Doc. # 34).

The matter never proceeded to trial, however, because Jackson entered a guilty plea on both counts pursuant to a plea bargain with the Government on February 1, 2006. (Doc. # # 36, 37). The PSI deadline was set for March 8, 2006. (Doc. # 38). Subsequently, on March 16, 2006, Jackson's counsel orally moved to withdraw himself as Jackson's counsel. (Doc. # 40). The Court granted that motion and appointed Attorney Diane Menashe to represent Jackson that same day. (Doc. # #  40, 41, 42). On March 30, 2006, Attorney Menashe filed her notice of appearance as well as the motion to withdraw Jackson's guilty plea. (Doc. # 44).

**II.     Factual**

During the April 6, 2006 hearing, both sides referred to testimony from the Court's previous oral hearing on Jackson's motion to suppress. Accordingly, the Court hereby incorporates its January 11, 2006 Order on that motion in its entirety herein. (Doc. # 32). That

2

Opinion & Order sets forth the pertinent facts.

## DISCUSSION

Defendant moves the Court to withdraw his guilty plea pursuant to Fed. R. Crim. P. 11(d)(2)(B), which provides in relevant part:

> (d) A defendant may withdraw a plea of guilty or nolo contendere:
>   (2) after the court accepts the plea, but before it imposes sentence if:
>     (B) the defendant can show a fair and just reason for requesting the withdrawal.

Jackson argues that appointment of new counsel, complete breakdown in communication between Jackson and previous counsel, and his confusion about the legal issues in this case are "fair and just reasons" for granting the withdrawal. (Doc. # # 44, 48). The Government asserts that no fair and just reason exists that warrant granting Jackson's motion. (Doc. # 47).

As noted above, Rule 11(d)(2)(B) provides that a defendant may withdraw a plea of guilty after the court has accepted the plea but before it imposes sentence if "the defendant can show a fair and just reason for requesting withdrawal." "Under the rule, then, the defendant bears the burden of showing that the plea should be withdrawn." *United States v. Riascos-Suarez*, 73 F.3d 616, 621 (6th Cir. 1996) (citation omitted). In the Sixth Circuit, whether a defendant's proffered reason for withdrawal is "fair and just" is determined by considering the following factors:

> '(1) whether the movant asserted a defense or whether he has consistently maintained his innocence; (2) the length of time between the entry of the plea and the motion to withdraw; (3) why the grounds for withdrawal were not presented to the court at an earlier time; (4) the circumstances underlying the entry of the plea of guilty, the nature and the background of a defendant and whether he has admitted his guilt; and (5) potential prejudice to the government if the motion to withdraw is granted.'

*United States v. Ellis*, 121 Fed. Appx. 634, 636 (6th Cir. 2005) (quoting *Riascos-Suarez*, 73 F.3d at 621. The factors listed above constitute a nonexclusive list, with no particular factor controlling, and the Court need not engage in an analysis concerning all seven factors. *United States v. Bazzi*, 94 F.3d 1025, 1027 (6th Cir. 1996).

Jackson's counsel stated at the hearing that the central issue is the § 924 charge. Specifically, Jackson claims that he did not understand the significance of pleading guilty to that charge. Stopping short of alleging that his previous counsel was inefficient, Jackson's counsel argued that Jackson and his previous attorney had a "communication breakdown" that prevented Jackson from understanding the possible penalties associated with pleading guilty to the § 924(c) charge.

### A. Did Jackson assert a defense or has he consistently maintained his innocence?

This factor cuts both ways. Jackson initially plead not guilty but he later changed his plea to guilty. In addition, he told the police officers at the station that he "had the gun for protection." (Tr. January 6, 2006 motion to suppress hearing 78). Whether Jackson meant he had the gun for personal protection for lawful reasons or if he had the gun for protection from individuals involved in the drug trade is unclear, especially because the police officers found marijuana on Jackson when they arrested him near the daycare center. *Id.* at 9, 28. Moreover, if the gun was for lawful self-protection purposes and not to further the drug trafficking crime, Jackson had no reason to hide the gun at the daycare center like he did. (Tr. Feb. 1, 2006 change of plea hearing 21-23).

### B. What was the length of time between the entry of the plea and the motion to

**withdraw?  Why weren't the grounds for withdrawal presented earlier?**

Jackson entered his guilty plea on February 1, 2006.  On March 13, 2006, Jackson mailed the Court a letter requesting that he be allowed to change his plea.  Thus, the parties agree that the length of time between Jackson's guilty plea and his assertion of his desire to withdraw that plea was forty (40) days.  (Doc. # 47 at 5; Doc. # 48 at 4).

Jackson offers two reasons in support of his contention that he has good cause for not notifying the Court of his intention to withdraw his plea earlier.  First, Jackson states that he had a "complete breakdown in communication" with his prior counsel.  (Doc. # 48 at 4-5).  Second, Jackson contends that he was confused about the applicable law.  *Id.*  The Court finds neither reason fair and just.

When pressed by the Court at the April 6, 2006 hearing as to what, exactly, "a complete breakdown in communication" meant, Jackson's counsel was unable to answer the question. Asserting the attorney-client privilege was being implicated and that the decision not to call previous counsel as a witness was a tactical one, Jackson's counsel merely stated that previous counsel had walked out of a conversation with Jackson before the conversation was finished. This does not give the Court insight into why Jackson did not present his grounds for withdrawal earlier, especially when Jackson himself wrote the Court a letter requesting permission to withdraw his guilty plea.  That fact indicates to the Court that Jackson knew he did not need counsel to request that he be permitted to withdraw his guilty pleas, and makes any "breakdown in communication" between him and his prior counsel irrelevant.

Moreover, the Sixth Circuit has upheld decisions of lower courts that concluded that a thirty-five (35) day delay and a forty-two (42) day delay between entering guilty pleas and filing

5

motions to withdraw weighed heavily against the defendants' requests to withdraw their pleas. *United States v. Khouri*, No. 04-4338, 2006 U.S. App. LEXIS 5465, *9-10 (6th Cir. 2006) (citing *United States v. Spencer*, 836 F.2d 236, 239-40 (6th Cir. 1987) (thirty-five days); *see also United States v. Bashara*, 27 F.3d 1174, 1181 (6th Cir. 1994) (forty-two days), abrogated on other grounds by statute as stated in *United States v. Caselorente*, 220 F.3d 727 (6th Cir. 2000). As previously stated, the delay involved in the case *sub judice* is forty (40) days; thus, the amount of time that elapsed between Jackson's guilty pleas and his request to withdraw his pleas "weighs heavily" against granting Jackson's motion under *Spencer* and *Bashara*.

Next, Jackson maintains that he was confused about the applicable law regarding the § 924(c) charge. The record reflects that Jackson was aware of the seriousness of the charge as well as the possible penalties he could face. At the Court's hearing on the present motion, the Government correctly pointed out that Jackson had moved the Court for two continuances of the trial dates. (Doc. # # 24, 33). Jackson stated within those motions that he faced a mandatory minimum sentence of ten years and that he needed additional time to "consider his options." (Doc. # 24 at 2; Doc. # 33 at 2). Thus, Jackson was aware of the possible sentence and took the time to thoroughly consider his options. It was only after Jackson had completely considered his options that he entered a plea of guilty. The Court concludes that the second and third factors weigh against granting Jackson's motion to withdraw.

    **C.**    **What were the circumstances underlying Jackson's guilty plea? What is Jackson's nature and background? Has Jackson admitted his guilt?**

### 1. Circumstances underlying the guilty plea.

The circumstances surrounding Jackson's guilty plea mitigate against granting Jackson's motion. To begin, as noted above, the Court continued the trial date twice at Jackson's request to give him time to "consider his options." Moreover, the Court's colloquy with Jackson when he entered his guilty pleas establishes that Jackson understood the nature, elements, and severity of the crimes to which he was pleading guilty. Specifically, the exchange between the Court and Jackson reveals:

| | |
|---|---|
| Court: | Let the record reflect that the Defendant, Kenyatta Jackson, is present in court with Counsel, Gordon Hobson. Also present is Tim Prichard, representing the government in this matter. It's my understanding that the matter is coming on today, February 1, 2006, for a change of plea and a plea to guilty to the two charges filed. . . . Mr. Jackson, do you understand that's why we are here today? |
| Jackson: | Yes, sir. |
| Court: | That you'll be entering pleas of guilty to Counts 1 and 2 of the indictment? |
| Jackson: | Yes, sir. |
| Court: | All right. Before accepting your pleas of guilty, the Court must determine that the pleas are made voluntarily with a full understanding of the nature of the charges and the consequences of the plea. In order to make this determination, do you understand I must now ask you several questions? |
| Jackson: | Yes. |
| Court: | Thank you. Mr. Miller, will you administer the oath to the Defendant? |
| | [oath administered] |
| Court: | Mr. Jackson, do you understand that you are now under oath and that, if you give false answers to any of my questions, you may be charged with perjury, or making a false statement? |
| Jackson: | Yes. |
| Court: | All right. Then let's proceed. Would you state your full name? |
| Jackson: | Kenyatta Jackson. |
| Court: | How old are you, Mr. Jackson? |
| Jackson: | Thirty-four. |

| | |
|---|---|
| Court: | How far did you go in school? |
| Jackson: | To the ninth grade. |
| Court: | Thank you. Are you able to read, speak and understand the English language? |
| Jackson: | Yes. |
| Court: | Mr. Hobson, have you been able to communicate with the Defendant using the English language? |
| Hobson: | I have, Your Honor. |
| Court: | Thank you. Mr. Jackson, have you ever been treated for any mental illness? |
| Jackson: | No. |
| Court: | Have you ever been addicted to narcotics of any kind? |
| Jackson: | Yes. |
| Court: | And have you taken any type of treatment or undergone any type of treatment for the narcotic addiction? |
| Jackson: | Yes. |
| Court: | And do you believe that you're still addicted to narcotics? |
| Jackson: | Yes. |
| Court: | Have you taken any narcotic drugs, tranquilizers or hallucinogens within the past 24 hours? |
| Jackson: | No. |
| Court: | Have you taken any type of medicine or pills of any kind within the past 24 hours? |
| Jackson: | No. |
| Court: | Have you consumed any alcoholic beverages within the past 24 hours? |
| Jackson: | No. |
| Court: | Mr. Hobson, do you have any doubt as to the Defendant's competence to enter a plea at this time? |
| Hobson: | No, Your Honor. |
| Court: | Thank you. Mr. Jackson, have you been furnished with a copy of the indictment that charges you with one count of possession with intent to distribute five grams or more of cocaine base and one count of possession of a firearm in furtherance of a drug trafficking crime? |
| Jackson: | Yes. |
| Court: | Do you understand the nature and meaning of these two crimes? |

| | |
|---|---|
| Jackson: | Yes. |
| Court: | Have you discussed those crimes with your attorney? |
| Jackson: | Yes. |
| Court: | Do you believe Mr. Hobson is fully informed about the facts and circumstances on which these charges are based? |
| Jackson: | Yes. |
| Court: | Has your attorney fully advised you on the nature and meaning of these charges and any defenses that you might have? |
| Jackson: | Yes. |
| Court: | Mr. Jackson, every criminal offense has certain elements or basic facts that the government must prove beyond a reasonable doubt before a jury could find you guilty. In this case, the elements are as follows: First, on Count 1, the charge of possession with intent to distribute five grams or more of cocaine base, a Schedule II controlled substance, the elements are as follows: first, that you knowingly and intentionally possessed five grams or more of cocaine base, a Schedule II controlled substance, and, two, that you possessed the cocaine base with the intent to distribute or sell the substance, and, three, that the act or acts occurred within the Southern District of Ohio on or about June 3, 2005. First of all, do you understand that those are the elements of Count I of the indictment? |
| Jackson: | Yes. |
| Court: | Second of all, do you understand those elements as I read them to you? |
| Jackson: | Yes. |
| Court: | All right. Count 2, the charge of possession of a firearm in furtherance of a drug trafficking crime, the elements are as follows: first, that you knowingly possessed a firearm, and, second, the possession was in furtherance of or was possessed to aid in the commission of a drug trafficking crime, that drug trafficking crime being the crime alleged in Count 1 of the indictment, and the act or acts occurred in the Southern District of Ohio on or about June 3rd, 2005. First, again, do you understand that those are the elements of Count 2 of this indictment? |
| Jackson: | Yes. |
| Court: | And, second of all, do you understand, or did you understand, each of these elements as I read them to you? |
| Jackson: | Yes. |
| Court: | Do you understand what the maximum penalties for Counts 1 [sic] and Count 2 are? |
| Jackson: | Yes. |

9

| | |
|---|---|
| Court: | Let me review them with you just so that we make sure.  With regard to Count 1, the maximum sentence is a mandatory five years, up to 40 years, in prison, a $2 million fine, up to a $100 special assessment, and up to five years of supervised release.  Count 2, there is a five-year consecutive imprisonment term–that is, consecutive to whatever sentence I impose on Count 1–a $250,000 fine, a one-hundred-dollar special assessment, and three years of supervised release.  Do you understand that, or those, to be the maximum sentence that can be imposed in these two charges? |
| Jackson: | Yes, sir. |
| Court: | All right.  Then, first of all, do you understand what 'mandatory minimum' means? |
| Jackson: | Yes. |
| Court: | What's it mean to you, Mr. Jackson? |
| Jackson: | Just the mandatory minimum of the sentence that it carries has to be served. |
| Court: | All right.  Has to be served? |
| Jackson: | Yes. |
| Court: | What that means is that I can't sentence you to anything–as the charges now stand, I cannot sentence you to anything less than five years on Count 1.  Do you understand that? |
| Jackson: | Yes. |
| Court: | I can't give you probation.  I can't give you anything less than five years.  You start out with five years, and we work up from there.  Do you understand? |
| Jackson: | Yes. |
| Court: | All right.  The second issue, then, is do you understand what "five years consecutive" means as it relates to Count 2 of the indictment? |
| Jackson: | Yes. |
| Court: | What does "consecutive" mean to you? |
| Jackson: | That the sentence can't be run concurrent, together. |
| Court: | Cannot be? |
| Jackson: | Cannot be. |
| Court: | Which means you have to serve whatever sentence I impose in Count 2 after you serve the sentence that I impose in Count 1.  Do you understand that? |
| Jackson: | Yes. . . |
| Court: | All right.  Do you understand that if your pleas are accepted in this matter, |

| | |
|---|---|
| | the Court can impose the same penalties, the maximum penalties that I've advised you of, as though you plead not guilty, stood trial, and were convicted by a jury? |
| Jackson: | Yes. |
| Court: | Do you understand that the offenses to which you are pleading guilty are felony offenses and that if your pleas are accepted you will be adjudged guilty of those offenses and that such adjudication may deprive you of certain valuable civil rights, such as the right to vote, the right to hold public office, the right to serve on a jury, and the right to possess any kind of firearm, and may result in your deportation from the United States if you're not a citizen of the United States?  Do you understand that? |
| Jackson: | Yes. |
| Court: | Do you understand that if you receive a sentence of imprisonment of more than one year, which under the statutory sentencing as it now exists you will receive more than one year, you will also be sentenced to a term of supervised release and the Court may order a term of supervised release to follow imprisonment in any other case?  Do you understand that? |
| Jackson: | Yes. |
| Court: | Let me explain to you what supervised release is.  Supervised release is a period of supervision by the United States Probation Office following a period of imprisonment under terms and conditions imposed by the Court, and a violation of any of those terms and conditions may lead to an additional period of imprisonment for a term up to the full term of the period of supervised release without any credit for any time already served under supervised release. Do you understand that? |
| Jackson: | Yes. |
| Court: | Do you understand that if I sentence you to a term of imprisonment followed by a term of supervised release and if you fail to meet any of the terms and conditions of supervised release that I may revoke your supervised release and cause you to be reimprisoned? |
| Jackson: | Yes. |
| Court: | Do you understand that if I sentence you to reimprisonment for a violation of supervised release that I may extend the term of supervised release for a period of time not to exceed the maximum term, that is, five years on Count 1 and three years on Count 2, five and three years supervised release, for a period not to exceed those maximum terms, minus the sentence I impose for your violation of supervised release?  Do you understand that? |
| Jackson: | Yes. |
| Court: | Do you understand that if you engage in repeat violations of the terms of |

11

|||
|---|---|
| | supervised release, it is possible that you could be sent back to jail for such violations on more than one occasion? |
| Jackson: | Yes. |
| Court: | And do you understand that each time that happens, I can impose an additional term of supervised release not greater than the maximum term, minus each term of imprisonment imposed by the Court? |
| Jackson: | Yes. |
| Court: | Mr. Jackson, under the Sentencing Reform Act of 1984, the United States Sentencing Commission has issued advisory guidelines for judges to consult in determining the sentence in a criminal case.  Have you and your attorney talked about how the advisory guidelines might apply to your case? |
| Jackson: | Yes. |
| Court: | Do you understand that the Court will not be able to determine the sentence for your case until a presentence report has been completed and you and the government have had an opportunity to review the facts and conclusions reported by the probation officer and resolve any disputed facts or conclusions at a sentencing hearing? |
| Jackson: | Yes. |
| Court: | Do you understand that the Court is not bound by any stipulation of facts between you and the government and the Court will, with the aid of the presentence report, determine what facts are relevant to sentencing? |
| Jackson: | Yes. |
| Court: | Do you understand that after it has been determined what advisory guideline applies in your case, the judge has the authority to impose a sentence that is more severe or less severe than the advisory sentence provided for by the guidelines? |
| Jackson: | Yes. |
| Court: | Do you understand that if the sentence is more severe than you expected, you will still be bound by your plea and have no right to withdraw those pleas of guilty? |
| Jackson: | Yes. |
| Court: | Do you understand that you and the government have the right to appeal any sentence that I may impose? |
| Jackson: | Yes. |
| Court: | Do you understand that parole has been abolished and that if you are sentenced to prison you will not be released on parole? |
| Jackson: | Yes. |

| | |
|---|---|
| Court: | Do you understand that if the law requires a sentence of imprisonment, which it does in this case, the Court cannot place you on probation? |
| Jackson: | Yes. |
| Court: | And do you understand that if the minimum sentence is more than six months the Court may not place you on probation? |
| Jackson: | Yes. |
| Court: | Do you understand that even if the Court could place you on probation it may or may not do so? |
| Jackson: | Yes. |
| Court: | The Court advises you, Mr. Jackson, that under the Constitution and the laws of the United States, you have the right to plead not guilty, you have the right to be tried by a jury, and at a speedy and public trial, you would have th right to the assistance of counsel, the right to confront and cross-examine the witnesses who testify against you, and the right to refuse to testify, yourself, unless you voluntarily choose to do so in your own defense.  At such a trial, you would be presumed innocent until such time, if ever, as the government established your guilt by competent evidence beyond a reasonable doubt.  At such a trial, you would be entitled to the issuance of subpoenas to compel the attendance of witnesses on your behalf.  Do you understand that if I accept your pleas of guilty you give up all these rights that I've just mentioned? |
| Jackson: | Yes. |
| Court: | If I accept your pleas of guilty, do you understand that you will also have to waive your right not to incriminate yourself, since I will have to ask you certain questions about what you did in order to satisfy myself that you're guilty as charged, and you will have to acknowledge your own guilt?  Do you understand that? |
| Jackson: | Yes. |
| Court: | Are you willing to waive and give up your rights to a trial and the other rights I've just discussed? |
| Jackson: | Yes. |
| Court: | Mr. Jackson, you should also understand that proper plea agreements are permissible and that you and all counsel have a duty to disclose the existence of terms of any such agreement.  Mr. Prichard, is it my understanding that there is a plea agreement in this matter? |
| Prichard: | That is correct, Your Honor. . . |
| | [summarizes plea agreement] |
| Court: | Mr. Jackson, is that your understanding of the plea agreement? |

13

| | |
|---|---|
| Jackson: | Yes. |
| Court: | Mr. Jackson, has anyone made any other or different promises or assurances of any kind that induced you to plead guilty here today? |
| Jackson: | No. |
| Court: | Do you understand that any recommendation of sentence agreed to by your counsel and the government or any agreement by the government to oppose the sentence requested by your attorney is not binding upon the Court and that you might, on the basis of your guilty plea, receive a more severe sentence than requested or recommended? |
| Jackson: | Yes. |
| Court: | Do you understand that if I impose a more severe sentence you will still be bound you your plea of guilty and will have no right to withdraw that guilty plea? |
| Jackson: | Yes. . . |
| Court: | Aside from the plea agreement, Mr. Jackson, which we've just discussed, has any person, including any officer or agent of the government or any of the attorneys in this case, promised or even suggested to you that you will receive a lighter sentence or any other form of leniency if you plead guilty? |
| Jackson: | No. |
| Court: | Is your decision to plead guilty your own free and voluntary act? |
| Jackson: | Yes. |
| Court: | Have you been subjected to any threats or force of any kind which caused you to plead guilty? |
| Jackson: | No. . . |
| | [Special Agent Dallas reads statement of facts] |
| Court: | Mr. Jackson, did you hear what the agent just said concerning your activity in this matter? |
| Jackson: | Yes. |
| Court: | Is what she said in any way incorrect? |
| Jackson: | No. |
| Court: | Is what she said correct? |
| Jackson: | Yes. |
| Court: | So, in other words, as we all know, because I heard the testimony during the motion to suppress hearing, on June 3rd, 2005, you went to the day-care [sic] center located on Grubb Street, here in Columbus, Ohio, that you handed a box to one of the day-care [sic] workers, who was working |

| | |
|---|---|
| | there that day, I guess for safekeeping, or at least that's what is stated. In the box was a loaded pistol, a Lorcin handgun. You asked for it back. She gave it back. She called the police. You ran from the building, but before you ran from the building, you attempted to hide the gun and 11 grams of crack cocaine? |
| Jackson: | Yes. |
| Court: | Okay. Mr. Jackson, are you offering to plead guilty here today because you are in fact guilty of the two offenses charged in the indictment? |
| Jackson: | Yes. |
| Court: | Then in light of everything I've told you about your rights and in light of all my questions, I will now ask you how do you plead to these charges: guilty or not guilty? |
| Jackson: | Guilty. |
| Court: | And that's to Count 1, guilty, and to Count 2, guilty. Is that correct? |
| Jackson: | Yes. . . |

[Court accepts plea]

(Tr. Feb. 1, 2006 change of plea hearing 2-23).

That dialogue indicates that Jackson's guilty plea was knowing, voluntary, and not coerced. (Doc. # 48 at 6). The Court reviewed both charges with Defendant, the elements of both charges, the possible punishments for both charges, and the consequences of pleading guilty on his constitutional rights. Jackson affirmatively indicated that he understood the charges, the possible punishments, and the consequences of his pleas. Jackson further indicated that he was not coerced into pleading guilty and that his pleas were voluntary. At the conclusion of the Court's detailed, specific, and exhaustive colloquy that was written and spoken in plain-English, Jackson indicated that he was guilty of both charges. Thus, the Court determines that the circumstances surrounding Jackson's guilty pleas favor denying his motion to withdraw his plea.

2. **What is Jackson's nature and background?**

15

Jackson has a long history with the criminal justice system. He has been convicted eight times for robbery, theft, disorderly conduct, possession of cocaine, and false information to a police officer. Although Jackson only completed ninth grade, his significant criminal history establishes that he is well-versed in the criminal justice system and of the consequences of pleading guilty to alleged crimes.

### 3. Has Jackson admitted his guilt?

Jackson admitted his guilt to the Court during the plea hearing. Furthermore, Jackson volunteered to be a cooperating witness to the police officers at the police station after his arrest and to the police officers when they transported him from the station to the jail after the questioning was completed. (January 4, 2006 Tr. 33-34, 80-83). Consequently, the Court holds that the fourth factor favors denying Jackson's motion.

### D. Potential prejudice to the Government

The fifth and final factor requires the Court to examine the prejudice to the government if the motion to withdraw is granted. The Government asserts that it would be prejudiced if the motion were granted because it would be difficult to locate witnesses–the events that led to the indictment occurred almost one year ago. In addition, the Government mentioned at the Court's April 6, 2006 hearing that allowing Jackson to withdraw his pleas would result in prejudice because of the risks inherent in trial.

Separately, the Court notes that allowing Jackson to withdraw his pleas would be ratifying behavior that is detrimental to judicial economy. After an agreement is reached and a plea is entered, the Court and the Government cancel the trial date and proceed as though the

matter is concluded until sentencing.  Permitting Jackson and other similarly-situated Defendants to withdraw their guilty plea and nullify their plea agreements could potentially throw the Court and the Government into a tailspin trying to schedule and prepare for a trial that Jackson originally agreed would not take place.

As a result, the Court concludes that the fifth and final factor suggests that granting Jackson's motion would be inappropriate.

## CONCLUSION

The Court holds that its examination of the *Riascos-Suarez* factors shows that Jackson has failed to satisfy his burden of establishing a "fair and just reason" for withdrawal. Accordingly, the Court **DENIES** Jackson's motion.  (Doc. # 44).

**IT IS SO ORDERED**.


   /s/   Gregory L. Frost
**GREGORY L. FROST**
**UNITED STATES DISTRICT JUDGE**