IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**KENYATTA JACKSON,**

    **Petitioner,**       **CASE NO. 2:08-CV-989**
                               **CRIM. NO. 2:05-CR-225**
**v.**                             **JUDGE FROST**
                                **MAGISTRATE JUDGE ABEL**

**UNITED STATES OF AMERICA,**

    **Respondent.**

**OPINION AND ORDER**

On April 28, 2010, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 be dismissed. Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation.* For the reasons that follow, Petitioner's objections are **OVERRULED.** The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

Petitioner objects to the Magistrate Judge's recommendation of dismissal of his claims on the merits. He again raises all of the same arguments he previously presented. He again requests an evidentiary hearing. He complains that the Magistrate Judge's *Report and Recommendation* is confusing or unclear and disputes the Magistrate Judge's conclusion that his allegations are without record support. *See Objections.*

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons detailed in the Magistrate Judge's *Report and Recommendation,* the Court is not persuaded either that an evidentiary hearing is warranted or that the record reflects a basis

for habeas corpus relief.

The Magistrate Judge has detailed the procedural history of this case and outlined the transcripts of Petitioner's guilty plea hearing. The reference to Petitioner Shook, *Report and Recommendation*, at 12, referred to by Petitioner, appears to be a typographical error and nothing more. As noted by the Magistrate Judge, Petitioner fails to identify any witnesses who would have provided exculpatory evidence on his behalf and his allegations that his guilty plea was coerced are unsupported by anything other than his own affidavit. In view of his representations to the contrary at the time of his guilty plea hearing, his allegations now are not considered worthy of credit. *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). Contrary to Petitioner's allegation here, he admitted guilt to possession of a firearm in furtherance of a drug trafficking crime by virtue of his guilty plea to that offense. The record reflects that his guilty plea was knowing, intelligent, and voluntary, and is without support for his allegation that, but for the ineffective assistance of counsel, he would not have pleaded guilty, but would have insisted on proceeding to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Further, the Court appointed new counsel to represent Petitioner at the hearing on his motion to withdraw guilty plea, and the record therefore fails to support Petitioner's claim that he was prejudiced by Attorney Hobson's failure to litigate that motion. Finally, an evidentiary hearing is not required where "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. 2255(b). Such are the circumstances in this case.

For these reasons and for the reasons detailed in the Magistrate Judge's *Report and*

*Recommendation*, Petitioner's objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

    **IT IS SO ORDERED.**

                                              **/s/   Gregory L. Frost**
                                              GREGORY L. FROST
                                              United States District Judge